NO. 07-03-00431-CV
 

 

IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL A



JANUARY 16, 2004



______________________________




IN RE THE ESTATE OF GEORGE RALPH NEWBY, JR.



_________________________________



FROM THE 84TH DISTRICT COURT OF HUTCHINSON COUNTY;



NO. 35,142; HONORABLE WILLIAM D. SMITH, JUDGE



_______________________________



Before JOHNSON, C.J., and REAVIS and CAMPBELL, JJ.

MEMORANDUM OPINION


 Appellant Betty Ann Newby, proceeding pro se, filed a notice of appeal, received by
this court on October 10, 2003, stating that she was appealing an order dated September
8, 2003, that approved a claim against the estate of George Ralph Newby, Jr., deceased.
The notice of appeal referenced two cause numbers, 35,150 and 35,142 in the 84th District
Court of Hutchinson County, so the appeals were assigned two case numbers in this court,
07-03-0431-CV and 07-03-0432-CV. Appellant did not pay the filing fees of $125 for either
appeal or submit an affidavit of indigence pursuant to Rule 20 of the Rules of Appellate
Procedure.

 By letter dated October 14, 2003, the clerk of this court notified appellant that the
filing fee had not been paid, and that failure to pay it could result in dismissal. We also
received correspondence dated the same date from the trial court clerk, indicating that
appellant had not paid for preparation of the clerk's record. Having received no fee by
November 18, 2003, we directed appellant by letter of that date, to pay the filing fees on
or before December 2, 2003, and to certify to the clerk of this court by the same date,
whether appellant had complied with Rule of Appellate Procedure 35.3, concerning
payment for preparation of the record, and if not, to give a reasonable explanation for her
non-compliance. That letter again advised appellant that failure to pay the filing fees could
result in the appeals being dismissed. Tex. R. App. P. 42.3(c). 

 Appellant responded on December 3, 2003 with a Motion to Extend Payment Date
and an Affidavit of Indigency. Those documents did not comply with the requirements of
Rule 20.1 for establishing indigence. The affidavit was untimely; it was due to be filed in
the trial court with or before the notice of appeal. Any motion for extension of time to file
the affidavit would have been due not later than October 25, 2003. Tex. R. App. P.
20.1(c)(3). Moreover, the affidavit stated that appellant would be able to pay the court
costs and fees on January 1, 2004. By letter dated December 30, 2003, we notified
appellant that she had not complied with the requirements of Rule 20.1. We granted
appellant's request for an extension of time to pay the fees, and directed her to pay this
court's filing fees for both appeals, on or before January 5, 2004. Appellant was also
directed a second time to certify to the court, by the same date, whether she had complied
with Tex. R. App. P. 35.3. 

 On January 9, 2004, the court received from appellant a response, requesting we
require her to pay only one filing fee because the two causes were consolidated at the trial
court level. Documents appellant submitted with her response indicate that the
consolidation occurred on May 17, 2002, sixteen months before appellant filed her notices
of appeal. But appellant did not tender even one filing fee with her response and did not
provide the certifications of compliance with Tex. R. App. P. 35.3, as directed. 

 Appellant is not excused by statute or the Rules of Appellate Procedure from paying
costs. Tex. R. App. P. 5. Despite more than reasonable opportunities to do so, appellant
has persistently failed to comply with the requirement that she pay the filing fees this court
is obligated to collect, and with this court's orders with respect to the filing fees and the
preparation of the clerk's record. All parties having had more than ten days' notice that
dismissal could result from appellant's continued failure to comply with the rules and this
court's orders, these appeals are dismissed. Tex. R. App. Proc. 5, 37.3, 42.3(b) and (c).


 Per Curiam



 Name="Strong"/>
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 









NO. 07-10-0256-CR

 

IN THE
COURT OF APPEALS

 

FOR THE
SEVENTH DISTRICT OF TEXAS

 

AT
AMARILLO

 

PANEL B

 



OCTOBER
26, 2010

 



 

BOBBY J. CATE,  

 

                                                                                         Appellant

v.

 

THE STATE OF TEXAS,  

 

                                                                                         Appellee

___________________________

 

FROM THE 364TH DISTRICT COURT OF LUBBOCK
COUNTY;

 

NO. 2001-436,240; HONORABLE BRADLEY
S. UNDERWOOD, PRESIDING

 



 

Opinion

 



 

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

            Bobby J. Cate
appeals an order determining that, had the results of DNA testing been
available during his trial for aggravated sexual assault, it is not reasonably
probable that he would not have been convicted. 
We affirm the order.

            Background

            In 2002, appellant
was convicted of raping a woman he approached in the parking lot of a shopping
mall in Lubbock and who offered to give him a ride in her vehicle.  That conviction was based primarily on the
victims identification of appellant.  In
other words, there was no forensic evidence offered to support the verdict.

  In
2004, appellant filed a motion for DNA testing of hair samples found in the
victims car. One of the hair samples found in the vehicle was confirmed to
belong to John Walter Hamilton.   After testing, the trial court held a hearing
in accordance with art. 64.04 of the Code of Criminal Procedure.  Tex. Code
Crim. Proc. Ann. art. 64.04 (Vernon 2006) (requiring that after examining
the results of testing, the convicting court hold a hearing and make a finding
as to whether, had the results been available during the trial of the offense,
it is reasonably probable that the person would not have been convicted).  At the conclusion of an evidentiary hearing,
the trial court ruled against appellant. 


Discussion

             We review the trial courts order to determine
whether the DNA test results create a probability of innocence sufficient to
undermine confidence in the outcome of the trial.  Fuentes
v. State, 128 S.W.3d 786, 787 (Tex. App.Amarillo 2004, pet. refd).  While there may be subsidiary fact issues
which we review deferentially, Johnson v.
State, 183 S.W.3d 515, 519-20 (Tex. App.Houston [14th Dist.]
2006, pet. refd, untimely filed), the ultimate question is one of law which we
review de novo.  Fuentes v. State, 128 S.W.3d at 787; see also Rivera v. State, 89 S.W.3d 55,
59 (Tex. Crim. App. 2002).     

            Appellant
argues that because the hair fibers of Hamilton were found in the victims
vehicle where the rape occurred and because Hamilton fits the general
description the victim provided of her assailant, i.e. white male, six feet, 160 pounds, late thirties to early
forties,  brown hair, beard, and mustache,
and blue or green eyes,[1]
there is a reasonable probability he would not have been convicted had that
particular evidence been available at trial. 
Yet, the record suggests that a witness during appellants original
trial indicated that hairs belonging to someone other than appellant were found
in the vehicle.  Indeed, more than eighty
hairs with various characteristics were found and at least forty of them were
dissimilar to appellants hair.  So, the
theory underlying appellants current attack upon his conviction was proffered
to the jury before it decided to convict him. 
  

             Simply put,
the DNA evidence does not exclude appellant as the assailant but merely tends
to place someone with the same general physical characteristics as appellant (Hamilton)
in the vehicle at some time or another. 
That Hamilton lived in Midland (as opposed to Lubbock where the assault
occurred), that the assault victim acquired the vehicle from an individual
living in Midland, that both the latter and Hamilton were acquaintances, and
that Hamilton admitted to using the vehicle as the locus of a sexual rendevous
in Midland with his girlfriend at one time could reasonably explain how the
hair came to be in the vehicle.  At the
very least, it provides little to no logical basis to replace appellant with
Hamilton at the scene of the assault in Lubbock.  More needed to be presented before such could
occur.

            It must also
be remembered that the victim was quite certain of her identification of appellant
as her attacker.  Moreover, she so
identified him in three different photo arrays. 
As previously held by us in Cate
v. State, 124 S.W.3d 922 (Tex. App.Amarillo 2004, pet. refd), such
testimony was sufficient to support his conviction.  Id.
at 928-29.  This is of import for
authority tells us that a reasonable probability of innocence does not exist if
there is sufficient evidence, independent of the DNA evidence in question, to
establish the appellants guilt.  Johnson v. State, 183 S.W.3d at
520.  

            Inconclusive
evidence does not make innocence more or less probable.  Baggett
v. State, 110 S.W.3d 704, 707 n.1 (Tex. App.Houston [14th
Dist.] 2003, pet. refd); see also Booker
v. State, 155 S.W.3d 259, 266-67 (Tex. App.Dallas 2004, no pet.) (finding
no reasonable probability of innocence because the testing did not exclude
appellant as the culprit); Fuentes v.
State, 128 S.W.3d at 787 (noting, among other things, that the testing
failed to exclude appellant as the assailant); Eubanks v. State, 113 S.W.3d 562, 566 (Tex. App.Dallas 2003, no
pet.) (casting doubt is not enough to meet the burden to show a reasonable
probability of ones innocence).  The DNA
evidence at bar falls within that realm; it is inconclusive.  So too does it touch upon a defense presented
to and apparently rejected by the jury that convicted appellant.  Consequently, we overrule the issue before us
and affirm the trial courts order.

 

                                                                                    Brian
Quinn 

                                                                                    Chief
Justice 

 

Publish.











[1]Appellant
was actually forty-four and had brown eyes.