NO. 07-10-0256-CR

 IN THE COURT OF APPEALS

 FOR THE SEVENTH DISTRICT OF TEXAS

 AT AMARILLO

 PANEL B

 OCTOBER 26, 2010

 BOBBY J. CATE,

 Appellant
 v.

 THE STATE OF TEXAS,

 Appellee
 ___________________________

 FROM THE 364TH DISTRICT COURT OF LUBBOCK COUNTY;

 NO. 2001-436,240; HONORABLE BRADLEY S. UNDERWOOD, PRESIDING

 Opinion

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.
 Bobby J. Cate appeals an order determining that, had the results of
DNA testing been available during his trial for aggravated sexual assault,
it is not reasonably probable that he would not have been convicted. We
affirm the order.
 Background
 In 2002, appellant was convicted of raping a woman he approached in
the parking lot of a shopping mall in Lubbock and who offered to give him a
ride in her vehicle. That conviction was based primarily on the victim's
identification of appellant. In other words, there was no forensic
evidence offered to support the verdict.
 In 2004, appellant filed a motion for DNA testing of hair samples
found in the victim's car. One of the hair samples found in the vehicle was
confirmed to belong to John Walter Hamilton. After testing, the trial
court held a hearing in accordance with art. 64.04 of the Code of Criminal
Procedure. Tex. Code Crim. Proc. Ann. art. 64.04 (Vernon 2006) (requiring
that after examining the results of testing, the convicting court hold a
hearing and make a finding as to whether, had the results been available
during the trial of the offense, it is reasonably probable that the person
would not have been convicted). At the conclusion of an evidentiary
hearing, the trial court ruled against appellant.
 Discussion
 We review the trial court's order to determine whether the DNA test
results create a probability of innocence sufficient to undermine
confidence in the outcome of the trial. Fuentes v. State, 128 S.W.3d 786,
787 (Tex. App.-Amarillo 2004, pet. ref'd). While there may be subsidiary
fact issues which we review deferentially, Johnson v. State, 183 S.W.3d
515, 519-20 (Tex. App.-Houston [14th Dist.] 2006, pet. ref'd, untimely
filed), the ultimate question is one of law which we review de novo.
Fuentes v. State, 128 S.W.3d at 787; see also Rivera v. State, 89 S.W.3d
55, 59 (Tex. Crim. App. 2002).
 Appellant argues that because the hair fibers of Hamilton were
found in the victim's vehicle where the rape occurred and because Hamilton
fits the general description the victim provided of her assailant, i.e.
white male, six feet, 160 pounds, late thirties to early forties, brown
hair, beard, and mustache, and blue or green eyes,[1] there is a reasonable
probability he would not have been convicted had that particular evidence
been available at trial. Yet, the record suggests that a witness during
appellant's original trial indicated that hairs belonging to someone other
than appellant were found in the vehicle. Indeed, more than eighty hairs
with various characteristics were found and at least forty of them were
dissimilar to appellant's hair. So, the theory underlying appellant's
current attack upon his conviction was proffered to the jury before it
decided to convict him.
 Simply put, the DNA evidence does not exclude appellant as the
assailant but merely tends to place someone with the same general physical
characteristics as appellant (Hamilton) in the vehicle at some time or
another. That Hamilton lived in Midland (as opposed to Lubbock where the
assault occurred), that the assault victim acquired the vehicle from an
individual living in Midland, that both the latter and Hamilton were
acquaintances, and that Hamilton admitted to using the vehicle as the locus
of a sexual rendevous in Midland with his girlfriend at one time could
reasonably explain how the hair came to be in the vehicle. At the very
least, it provides little to no logical basis to replace appellant with
Hamilton at the scene of the assault in Lubbock. More needed to be
presented before such could occur.
 It must also be remembered that the victim was quite certain of her
identification of appellant as her attacker. Moreover, she so identified
him in three different photo arrays. As previously held by us in Cate v.
State, 124 S.W.3d 922 (Tex. App.-Amarillo 2004, pet. ref'd), such testimony
was sufficient to support his conviction. Id. at 928-29. This is of
import for authority tells us that a reasonable probability of innocence
does not exist if there is sufficient evidence, independent of the DNA
evidence in question, to establish the appellant's guilt. Johnson v.
State, 183 S.W.3d at 520.
 Inconclusive evidence does not make innocence more or less probable.
Baggett v. State, 110 S.W.3d 704, 707 n.1 (Tex. App.-Houston [14th Dist.]
2003, pet. ref'd); see also Booker v. State, 155 S.W.3d 259, 266-67 (Tex.
App.-Dallas 2004, no pet.) (finding no reasonable probability of innocence
because the testing did not exclude appellant as the culprit); Fuentes v.
State, 128 S.W.3d at 787 (noting, among other things, that the testing
failed to exclude appellant as the assailant); Eubanks v. State, 113 S.W.3d
562, 566 (Tex. App.-Dallas 2003, no pet.) (casting doubt is not enough to
meet the burden to show a reasonable probability of one's innocence). The
DNA evidence at bar falls within that realm; it is inconclusive. So too
does it touch upon a defense presented to and apparently rejected by the
jury that convicted appellant. Consequently, we overrule the issue before
us and affirm the trial court's order.

 Brian Quinn
 Chief Justice

Publish.
-----------------------
 [1]Appellant was actually forty-four and had brown eyes.