IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-54,631-03






EX PARTE BOBBY J. CATE, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. 2001-436,240 IN THE 364TH DISTRICT COURT


FROM LUBBOCK COUNTY





 Per curiam.

 

O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex.Crim.App. 1967). Applicant was convicted of aggravated sexual
assault and was sentenced to life imprisonment. The conviction and sentence were affirmed on direct
appeal. Cate v. State, 124 S.W.3d 922 (Tex.App.-Amarillo 2004). Applicant's Petition for
Discretionary review was refused, and his initial writ application challenging the conviction was
denied. See Cate v. State, No. PD-0251-04 (Tex.Crim.App. del. Jun. 3, 2004); Ex parte Cate, No.
WR-54,631 (Tex.Crim.App. del. Aug. 31, 2005).

 Applicant has filed a subsequent application for a writ of habeas corpus. In it, he raises
several claims based on newly conducted DNA testing performed on hairs found at the crime scene.
He primarily asserts the DNA testing shows he is actually innocent of the aggravated sexual assault
because the hairs were proven to belong to another person. He also complains of his direct appeal
review on a basis unrelated to the DNA testing.

 The trial court had held a hearing regarding the DNA testing and found the results did not
demonstrate actual innocence. This finding is supported by the record and applicable law. See Ex
parte Elizondo, 947 S.W.2d 202, 205 (Tex.Crim.App. 1996); Ex parte Franklin, 72 S.W.3d 671, 675
(Tex.Crim.App. 2002); Ex parte Reed, 271 S.W.3d 698, 733 (Tex.Crim.App. 2008). Because the
claims based on the DNA evidence were previously unavailable to Applicant when his initial writ
challenging the conviction was filed, they are not barred from consideration in this subsequent
habeas proceeding. See Tex. Code Crim. Proc. art. 11.07 § 4(a)(1). After reviewing these claims,
this Court is unpersuaded that Applicant is entitled to relief. The claims based on the newly available
DNA tests are therefore denied. Applicant's remaining claims not based on the newly available DNA
tests are dismissed as subsequent in accordance with Article 11.07, Section 4, of the Code of
Criminal Procedure.


Filed: March 28, 2012

Do not publish