**Affirm and Opinion Filed July 12, 2013**



In The
**Court of Appeals**
**Fifth District of Texas at Dallas**

**No. 05-12-00882-CR**

**ROBERTO ARNOLD BARRIENTOS, Appellant**
**V.**
**THE STATE OF TEXAS, Appellee**

**On Appeal from the County Criminal Court No. 3**
**Dallas County, Texas**
**Trial Court Cause No. MB11-13388-C**

## OPINION

Before Justices FitzGerald, Francis, and Lewis
Opinion by Justice FitzGerald

A jury convicted appellant of indecent exposure and the trial court sentenced him to 180 days' confinement in the county jail. On appeal, appellant contends the evidence was insufficient to establish appellant had the specific intent to arouse or gratify his sexual desire. We affirm the trial court's judgment.

## BACKGROUND

On the afternoon of June 18, 2011, David Presley, a private security officer stationed at Covenant Church, noticed a red truck parked in the church parking lot. Although the parking lot is private property, it is open to the public. There were about fifty cars in the other area of the parking lot at the time.

Presley noticed that the vehicle was not running and had its windows down. He observed the vehicle for a few minutes but did not see any movement. The officer then approached the vehicle and saw appellant lying down in the seat of the truck. The officer testified:

> I observed him laying in the bench seat of his pickup truck, head facing the passenger window, feet at the driver's window, with his pants unzipped open and his penis in his right hand. He was masturbating, had a piece of fruit in his left hand, up to his mouth, sucking on it and moaning.

Presley further indicated that appellant had an erection, was holding his penis in his right hand in an up and down motion, and appeared to be gratifying his sexual desire. Presley described appellant's moans as sounding like moans of pleasure. Presley stated that he was able to see appellant's chest, belly, penis, and scrotum. Presley was alarmed and offended, and testified that anyone who walked by the truck would have seen appellant masturbating.

Appellant did not notice Presley's presence. The officer observed "a bunch of carpenter tools in the floorboard next to [appellant]," so he backed away and called the Carrollton police.

Officer Kaiser from the Carrollton police department was dispatched to the scene. He testified that appellant's truck was parked in the northwest corner of the church parking lot, a public place. When the officer approached the truck, he observed "a Hispanic male laying with his head in the passenger's seat and his feet toward the driver's seat and floorboard and he had his pants down and he had his right hand on his penis." Officer Kaiser testified that he was able to see all of appellant's genitals, and had been able to see appellant from the back tailgate of the truck as he approached. Appellant had an erection and appeared to be aroused. Officer Kaiser was offended. The church and the parking lot were located in a high traffic area, and the officer stated that anyone walking by would have been able to see appellant. According to Officer Kaiser, appellant did not seem embarrassed when the officer got his attention, "just startled." Officer Kaiser placed appellant under arrest.

Appellant testified in his defense. He stated that he was fifty-six years old and had stopped at the church to rest because he had "a little bit of pain on one of [his] testicles." Appellant testified that he has a hernia the size of a grapefruit, but has not received medical treatment for the condition. According to appellant, his hand was touching the spot where his hernia is, not his penis. Appellant denied moving his hand up and down on his penis. Appellant also denied eating a piece of fruit and testified that if he was moaning, it was in pain. Appellant testified that in order to relieve the pain from the hernia he will rest for ten to fifteen minutes with his hand pushing his testicle back and in, towards his stomach. Appellant denied that his pants were down and his genitals were exposed. He also denied that he was masturbating or touching his penis.

Upon conclusion of the trial, the jury found appellant guilty of indecent exposure, and the trial court sentenced him to 180 days in the county jail. This appeal followed.

## DISCUSSION

In a single issue, appellant argues the evidence is insufficient to support his conviction because the evidence is insufficient to establish a specific intent to arouse and gratify his sexual desire. We disagree.

We review the sufficiency of the evidence under the standard of review set forth in *Jackson v. Virginia*, 443 U.S. 307 (1979). *Brooks v. State*, 323 S.W.3d 893, 912 (Tex. Crim. App. 2010). Under the *Jackson* standard, we review all of the evidence in the light most favorable to the verdict and determine whether any rational trier of fact could have found the elements of the offense beyond a reasonable doubt. *Jackson*, 443 U.S. at 319; *Isassi v. State*, 330 S.W.3d 633, 638 (Tex. Crim. App. 2010). In conducting a sufficiency review, we defer to the jury's role as the sole judge of the witnesses' credibility and the weight their testimony is to be afforded. *Brooks*, 323 S.W.3d at 899. This standard accounts for the factfinder's duty to resolve

conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts. *Jackson*, 443 U.S. at 319; *Clayton v. State*, 235 S.W.3d 772, 778 (Tex. Crim App. 2007). When the record supports conflicting inferences, we presume the factfinder resolved the conflicts in favor of the prosecution and defer to that determination. *Jackson*, 443 U.S. at 326; *Clayton*, 235 S.W.3d at 778.

Under section 21.08 of the penal code, an individual commits an offense if he exposes his anus or any part of his genitals with intent to arouse or gratify the sexual desire of any person, and he is reckless about whether another is present who will be offended or alarmed by his act. TEX. PENAL CODE ANN. § 21.08(a) (West 2012). The intent to arouse or gratify "can be inferred from the conduct of, remarks by, and circumstances surrounding the acts." *Cate v. State*, 124 S.W.3d 922, 931 (Tex. App.—Amarillo 2004, pet. ref'd); *Martins v. State*, 52 S.W.3d 459, 474 (Tex. App.—Corpus Christi 2001, no pet).

Viewing the evidence in the light most favorable to the jury verdict, we find that a rational trier of facts could have found beyond a reasonable doubt that appellant intended to arouse or gratify his sexual desire. In that light, both officers testified that appellant had his hand on his erect penis and was masturbating. Although appellant claimed he was attempting to alleviate pain caused by a hernia, he admitted during cross-examination that his hand was around his penis. Under these circumstances, a rational jury could have inferred appellant intended to gratify his sexual desires. Appellant's issue is resolved against him.

The judgment of the trial court is affirmed.

/Kerry P. FitzGerald/
KERRY P. FITZGERALD
JUSTICE

Do Not Publish
TEX. R. APP. P. 47
120882F.U05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

ROBERTO ARNOLD BARRIENTOS, Appellant

No. 05-12-00882-CR     V.

THE STATE OF TEXAS, Appellee

On Appeal from the County Criminal Court No. 3, Dallas County, Texas
Trial Court Cause No. MB11-13388-C.
Opinion delivered by Justice FitzGerald.
Justices Francis and Lewis participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered this July 12, 2013

/Kerry P. FitzGerald/
KERRY P. FITZGERALD
JUSTICE