**AFFIRM; and Opinion Filed June 25, 2015.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-14-01071-CR

### KENDRIC LEWIS, Appellant
### V.
### THE STATE OF TEXAS, Appellee

**On Appeal from the Criminal District Court No. 2**
**Dallas County, Texas**
**Trial Court Cause No. F-1320778-I**

## MEMORANDUM OPINION
Before Justices Bridges, Lang, and Schenck
Opinion by Justice Bridges

A jury convicted appellant Kendric Lewis of aggravated robbery with a deadly weapon.

He pleaded true to enhancement allegations of assault on a public servant and felony offense of

criminal threats. The jury sentenced him to fifty-three years' confinement. On appeal, Lewis

argues the evidence is legally insufficient to support his conviction. We affirm the trial court's

judgment.

### Background

On September 20, 2013 at 10:24 p.m., Officer Richard Incremona responded to a

disturbance at 917 Vickery in DeSoto, Texas. Lewis's mother called the police and said her son

was out of control. When Officer Incremona arrived, Lewis was no longer present. His mother

told Officer Incremona Lewis was wearing blue jeans and a white t-shrit.

Around 11 p.m. the same evening, Lamanda Capehart was working as a cashier at the Albertson's, which was approximately one-and-a-half miles from 917 Vickery. A man walked in, picked up a candy bar, and Capehart asked if he was ready to check out. Capehart met the man at register 5 and scanned the candy bar. Capehart testified, "And I turned, I looked at him, and I said, 54 cents. And then when I turned to look at him, that's when he pulled the knife and came over to the register and told me to give me all the money."

Capehart jumped back and immediately tried to open the cash drawer. The man kept telling her not to call anyone while she struggled to open it. She finally opened it, moved out of the way, and allowed the man to take the money. He left with ones, fives, and some Coinstar receipts. It was later determined the man took $319.

The man then slowly walked towards the front door. He paused for a minute by the ATM machine. Although Capehart did not see him dispose of the knife, officers later found a knife slid under the office door by the ATM machine.

After the man left, Capehart immediately called Terri McCormick, her manager, and said she was robbed. McCormick called 9-1–1 and Capehart provided a description of the man. She said he was a black male, with short hair, and was wearing a white shirt, rolled-up blue jeans and big, floppy shoes.

Capehart went to the police station and looked at a photo lineup. Capehart identified Lewis and wrote on the photograph, "That is 100% the guy that robbed me w/ a kitchen knife." She recognized him from cuts on his eyebrows and skin spots. As soon as she saw the picture, she "knew it was him." Capehart also identified Lewis at trial.

Officer Brandon Pollard was the responding officer and talked with Capehart. He asked her to describe the suspect, and he reviewed the surveillance videos. He then provided the suspect's description to dispatch.

During Officer Pollard's investigation at the store, he learned officers had responded to an earlier disturbance at 917 Vickery. At 11:32 p.m., Lewis's mother called officers again from the Vickery residence and said her son had returned and was banging on her door. Officer Pollard went to the location and saw the suspect wearing the exact same clothes as in the surveillance video. In the suspect's pockets, in plain view, was a "large wad of money," consisting of one and five dollar bills and two Coinstar receipts. The amount totaled $319. Officer Pollard identified Lewis in court as the man he saw at Vickery with money in his pockets.

Officer Incremona also testified the mother's description of Lewis's clothes when he first went to the Vickery residence matched the dispatcher's description of the suspect who robbed Albertson's. He also identified Lewis in open court.

The jury found Lewis guilty of aggravated robbery with a deadly weapon. Lewis pleaded true to enhancement allegations of assault on a public servant and felony offense of criminal threats, and the jury sentenced him to fifty-three years' confinement. This appeal followed.

## Discussion

In his sole issue, Lewis challenges the sufficiency of the evidence to support his conviction. His argues (1) there was nothing remarkable about Capehart's description of him to police; (2) the video showed she was focused on the cash register and not him at the time of the robbery; (3) there was no way of knowing if Officer Tasby conducted the photo lineup properly because it was not videotaped; (4) the State did not prove the money found on Lewis was the same money stolen from Albertson's; and (5) the knife did not have any fingerprints linking him, or anyone else, to the crime. The State responds the evidence was sufficient to establish identity and support his conviction.

In a legal sufficiency review, we view all the evidence in the light most favorable to the verdict and determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319 (1979). The jury, as the sole judge of witness credibility, is free to believe or disbelieve all or part of a witness's testimony. *Adames v. State*, 353 S.W.3d 854, 860 (Tex. Crim. App. 2011).

There is no question the State is required to prove beyond a reasonable doubt the accused is the person who committed the crime charged. *Roberson v. State*, 16 S.W.3d 156, 167 (Tex. App.—2000, pet ref'd). Identity may be proved by direct or circumstantial evidence. *Id*. It may even be proven by inferences. *Id*. For the purposes of proving guilt beyond a reasonable doubt, direct and circumstantial evidence are equally probative. *Id*. A victim's positive identification of a defendant as the perpetrator is sufficient to support a conviction. *See Garcia v. State*, 563 S.W.2d 925, 928 (Tex. Crim. App. 1978); *Cate v. State*, 124 S.W.3d 922, 928 (Tex. App.—Amarillo 2004, pet. ref'd).

The record before us contains both direct and circumstantial evidence supporting the conclusion Lewis committed the aggravated robbery. Capehart positively identified Lewis in the photo lineup a short time after the robbery. While she admitted her interaction with Lewis was brief and she was focused on opening her cash drawer, she identified Lewis's photo and wrote, "That is 100% the guy that robbed me w/ a kitchen knife." Although defense counsel questioned the validity of the photo lineup, Capehart testified she was not influenced by Officer Tasby in her identification. Further, Detective Erin Blust testified Officer Tasby was a blind administrator of the lineup, which meant he did not know whether the suspect was in the lineup. Capehart also positively identified Lewis in court as the man who robbed her. Thus, her unequivocal identifications of Lewis supports the jury's determination he committed the offense.

Moreover, other circumstantial evidence supports the conclusion Lewis committed the crime. Officers responded to two separate calls, close in proximity to the time of the robbery, from Lewis's mother's home, which was located less than two miles from Albertson's. His mother provided police with a description of his clothing, which matched the description Capehart gave to police. Surveillance video also showed Lewis wearing the same clothes. When Lewis was arrested, he was wearing clothes matching both descriptions and the video.

He also had possession of $319—the exact amount stolen. Although the State could not provide serial numbers for the money to conclusively prove it was the same money stolen, the jury was free to infer from the circumstantial evidence that the money found in his possession was the same. *See Roberson*, 16 S.W.3d at 167 ("For the purposes of proving guilt beyond a reasonable doubt, direct and circumstantial evidence are equally probative.").

Finally, the knife recovered from the scene did not have any fingerprints linking Lewis to the crime; however, Detective Brad Spannagel testified it was possible for a person to hold a knife and not leave any prints. The jury, as the sole judge of witness credibility, was free to believe his testimony. *Adames*, 353 S.W.3d at 860.

Accordingly, viewing the evidence in the light most favorable to the verdict, a reasonable jury could determine Lewis was guilty of aggravated robbery. We overrule Lewis's sole issue.

### Conclusion

We affirm the trial court's judgment.

/David L. Bridges/
DAVID L. BRIDGES
JUSTICE

Do Not Publish
Tex. R. App. P. 47

141071F.U05

–5–



## Court of Appeals
## Fifth District of Texas at Dallas

# JUDGMENT

KENDRIC LEWIS, Appellant

No. 05-14-01071-CR     V.

THE STATE OF TEXAS, Appellee

On Appeal from the Criminal District Court
No. 2, Dallas County, Texas
Trial Court Cause No. F-1320778-I.
Opinion delivered by Justice Bridges.
Justices Lang and Schenck participating.


Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.


Judgment entered this 25th day of June, 2015.