

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-24-00507-CR

Ronald **DIAZ-PEREZ**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 406th Judicial District Court, Webb County, Texas
Trial Court No. 2018CRF001249D4
Honorable Oscar J. Hale, Jr., Judge Presiding

Opinion by:  Rebeca C. Martinez, Chief Justice

Sitting:  Rebeca C. Martinez, Chief Justice
Adrian A. Spears II, Justice
H. Todd McCray, Justice

Delivered and Filed: June 3, 2026

AFFIRMED

A jury convicted appellant Ronald Diaz-Perez on two counts of continuous sexual abuse of a child, and the trial court assessed punishment at ninety-nine years' imprisonment on both counts, to run concurrently. TEX. PENAL CODE ANN. § 21.02. In three issues, Diaz-Perez complains that (1) his trial counsel rendered ineffective assistance for failing to call an expert witness; (2) his trial counsel rendered ineffective assistance for failing to request funds to hire an

expert witness; and (3) the trial court erred by admitting outcry witness testimony beyond the scope of the State's notice summary. We affirm.

## I. Background

At trial, the jury considered testimony of the complainants, Diaz-Perez's daughters, Maria[1] and Monica; Diaz-Perez's ex-wife, "Mother," who was the outcry witness; and Dr. Armando Garza, among other witnesses.

Mother testified that Diaz-Perez was her former partner, with whom she shared three daughters. After they separated, Diaz-Perez had court-ordered visitation with their daughters every other weekend. When Maria was seven years old, she outcried to Mother that Diaz-Perez "put his private part inside her mouth. That it would make her vomit. That he would put his private part in her private part. That every time they would go over there, he would pull down her pants." Maria also told Mother that Diaz-Perez touched Monica's private parts, which Monica confirmed when Mother confronted her.

Maria, who was fifteen years old at the time of trial, testified that on several occasions during visits with Diaz-Perez, he touched her "private part" with "his hands and his private part" and put "his private part inside of mine." Monica, who was sixteen years old at the time of trial, testified that on several occasions during visits with Diaz-Perez, he touched her "middle part" and mouth with "his private part."

Dr. Garza, a pediatrician, testified as the State's expert witness. Dr. Garza referenced a study called It's Normal to Be Normal, explaining that the hymen can appear normal after sexual abuse depending on how the abuse occurred, whether the hymen was injured, how many hours after abuse the hymen was examined, and whether the hymen had healed. He testified that he

---

[1] We use pseudonyms for child complainants and their family to protect the children's identity. *See* TEX. R. APP. P. 9.10(a)(3).

would expect normal findings if an examination occurred more than 96 hours after the sexual abuse. Dr. Garza examined both Monica and Maria months after the alleged abuse. Both examinations were normal with no physical manifestations of abuse.

## II. Ineffective Assistance of Counsel

In Diaz-Perez's first and second issues, he contends that his trial counsel was ineffective in failing to call and request funds to hire an expert witness to rebut Dr. Garza's testimony.

### A. Standard of Review and Applicable Law

To prevail on a claim of ineffective assistance of counsel, a defendant must establish by a preponderance of evidence that (1) their trial counsel's performance was deficient, and that (2) the deficient performance deprived them of a fair trial. *Strickland v. Washington*, 466 U.S. 668, 687 (1984); *Ex parte Chandler*, 182 S.W.3d 350, 353 (Tex. Crim. App. 2005). Both *Strickland* elements "must be 'firmly founded in the record' and 'the record must affirmatively demonstrate' the meritorious nature of the claim." *Menefield v. State*, 363 S.W.3d 591, 592 (Tex. Crim. App. 2012) (quoting *Goodspeed v. State*, 187 S.W.3d 390, 392 (Tex. Crim. App. 2005)).

Our review of counsel's representation is highly deferential, and we presume that counsel's conduct fell within the wide range of reasonable and professional assistance. *Strickland*, 466 U.S. at 689. It is the defendant's burden to "overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'" *Id.* (quoting *Michel v. Louisiana*, 350 U.S. 91, 101 (1955)). "A silent record that provides no explanation for counsel's actions will not overcome the strong presumption of reasonable assistance. Thus, if the record does not contain affirmative evidence of trial counsel's reasoning or strategy, we presume counsel's performance was not deficient." *Johnson v. State*, 624 S.W.3d 579, 585 (Tex. Crim. App. 2021) (internal citations omitted).

Before a defendant can claim ineffective assistance of counsel for failing to call a witness, the defendant must show that there were witnesses available and that their testimonies would have helped him. *Starr v. State*, No. 01-18-00947-CR, 2020 WL 4006447, at *6 (Tex. App.—Houston [1st Dist.] July 16, 2020, no pet.) (mem. op., not designated for publication). Similarly, the failure to request the appointment of an expert witness does not constitute ineffective assistance of counsel absent a showing that the witnesses' testimony would have benefited the defendant. *Cate v. State*, 124 S.W.3d 922, 927 (Tex. App.—Amarillo 2004, pet. ref'd) (per curiam).

## B. Analysis

Diaz-Perez relies on a web search to support his position that expert testimony would have challenged Dr. Garza's testimony: "A simple online search reveals that a hymen cannot regrow once ruptured (WebMD)." Diaz-Perez has not shown that an expert was available to testify, what that expert would have testified to, or how such testimony would have benefited his defense. Absent such a showing, ineffective assistance claims based on failure to call or hire an expert fail. *Rodriguez v. State*, 459 S.W.3d 184, 199 (Tex. App.—Amarillo 2015, pet. ref'd); *see also Lair v. State*, 265 S.W.3d 580, 594 (Tex. App.—Houston [1st Dist.] 2008, pet. ref'd) ("The decision whether to present witnesses is largely a matter of trial strategy."). Therefore, based on the record before us, we cannot say counsel's performance was ineffective for failing to call or request funds to hire an expert witness to rebut Dr. Garza's testimony.

We overrule Diaz-Perez's first and second issues.

### III. Abuse of Discretion

In Diaz-Perez's third issue, he argues the trial court erred by admitting Mother's testimony regarding Maria's outcry of penile penetration. He contends this testimony was inadmissible

hearsay because the State's outcry witness summary did not disclose that Mother would testify about penile penetration.

**A. Standard of review and Applicable Law**

An outcry witness may testify to the victim's out-of-court description of a sexual offense committed against the child, even though such testimony would ordinarily be inadmissible hearsay. *See Bays v. State*, 396 S.W.3d 580, 585–86 (Tex. Crim. App. 2013) (collecting cases). Texas Code of Criminal Procedure article 38.072, known as the outcry statute, establishes five requirements for admissibility of an outcry statement. TEX. CODE CRIM. PROC. art. 38.072; *see, e.g., Zarco v. State*, 210 S.W.3d 816, 829-830 (Tex. App.—Houston [14th Dist.] 2006, no pet.). The only requirement at issue here is that the party intending to offer the outcry statement must provide the adverse party with a written summary of the statement. *See* TEX. CODE CRIM. PROC. art. 38.072, §2, (b)(1)(C).

A trial court's erroneous admission of hearsay evidence, including outcry witness testimony, is nonconstitutional error subject to harm analysis under Texas Rule of Appellate Procedure 44.2(b). TEX. R. APP. P. 44.2; *see, e.g., Walker v. State*, No. 01-21-00323-CR, 2022 WL 17981670, at *5 (Tex. App.—Houston [1st Dist.] Dec. 29, 2022, pet. ref'd). Under Texas Rule of Appellate Procedure 44.2(b), "an error is reversible only when it has a substantial and injurious effect or influence in determining the jury's verdict." *Taylor v. State*, 268 S.W.3d 571, 592 (Tex. Crim. App. 2008). "We should not overturn the conviction if we have fair assurance from an examination of the record as a whole that the error did not influence the jury, or had but slight effect." *Id.*

**B. Analysis**

For the purposes of this analysis, we need not determine whether the trial court erred by permitting Mother's testimony about what Maria told her regarding penile penetration. The admission of improper hearsay evidence is harmless when the same evidence is subsequently admitted without objection. *Zarco*, 210 S.W.3d at 833.

Mother testified about the abuse Maria reported to her, including that Diaz-Perez "put his private parts in her private part." This testimony was not included in the State's summary of her outcry testimony, although it did include other acts of abuse. Maria subsequently testified about the abuse she personally experienced, including that Diaz-Perez "put his private part inside of mine." There was no objection to Maria's testimony. Because Maria's testimony establishing the same fact was admitted without objection, any error in admitting Mother's testimony was harmless.

Therefore, we overrule Diaz-Perez's third issue.

Rebeca C. Martinez, Chief Justice

DO NOT PUBLISH