Affirmed and Memorandum Opinion filed June 27, 2006









Affirmed
and Memorandum Opinion filed June 27, 2006.

 

 

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-05-00511-CR

____________

 

ADRIAN MOSES, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 



 

On Appeal from the 248th
District Court

Harris County, Texas

Trial Court Cause No. 1009080

 



 

M E M O R A N D U M   O P I N I O N

A jury convicted appellant Adrian Moses of
aggravated robbery and assessed punishment at eleven years and six months=
imprisonment.  In one issue, appellant
challenges the factual sufficiency of the evidence to support his
conviction.  We affirm.

                                Factual and Legal Background








On the evening of October 14, 2004, Lucia
Perez Lopez visited a friend, Maria Ayala, at Ayala=s apartment.  Shortly before 10:00 p.m., the two women
concluded their visit, and Ayala walked Lopez to her car.  As Lopez opened her car door, a man
approached her, held a knife to her chest, and took her purse and its contents,
including $500 in cash.  During the
robbery, Lopez screamed.  The robber then
fled the scene in one direction, but because he was unable to exit the apartment
complex, he ran in front of Lopez and Ayala again as he looked for an exit.

Levania Cortes, the assistant to the
apartment complex owner, was walking her dog when she heard Lopez scream.  She then saw a man with a purse running
through the gate.  When the man saw
Cortes, he slowed to a quick walk, walked past her, and got into a car.  Cortes memorized the car=s license plate
number and provided it to the police, who traced it to Latasha Jones, one of
appellant=s girlfriends.

About a month later, police stopped
appellant for a traffic violation while he was driving Jones=s vehicle.  He was stopped again about two weeks later
driving the same car.  The second time,
officers noticed that appellant matched Lopez=s and Cortes=s description of
the robber, so they put him in a videotaped lineup conducted by Officer David
Garcia.  Lopez and Ayala positively
identified appellant, and Cortes made a tentative identification.

Appellant was arrested and tried for
aggravated robbery.  Lopez, Ayala, and
Cortes all positively identified appellant in court as the robber.[1]  Appellant testified and denied robbing
Lopez.  He stated that he had only driven
Jones=s car on the two
occasions he was stopped and claimed he was watching his infant son and toddler
step-son on the night of the robbery. 
The jury convicted appellant, and this appeal followed.

                                                      Analysis








Appellant
challenges the factual sufficiency of the evidence to support his
conviction.  In conducting a
factual-sufficiency review of the jury=s determination,
we do not view the evidence Ain the light most
favorable to the prosecution.@  Cain v. State, 958 S.W.2d 404, 407
(Tex. Crim. App. 1997).  Instead, we view
the evidence in a neutral light and inquire whether the jury was rationally
justified in finding guilt beyond a reasonable doubt.  Zuniga v. State, 144 S.W.3d 477, 484
(Tex. Crim. App. 2004).  We may find the
verdict factually insufficient in two ways. 
First, when considered by itself, the evidence supporting the verdict may
be too weak to support the finding of guilt beyond a reasonable doubt.  Id. 
Second, after weighing the evidence supporting the verdict, the
contrary evidence may be strong enough that the beyond-a-reasonable-doubt
standard could not have been met.  Id.  We must discuss the evidence appellant
claims is the most important in allegedly undermining the jury=s verdict.  Sims v. State, 99 S.W.3d 600, 603
(Tex. Crim. App. 2003).  However, we must
employ appropriate deference so that we do not substitute our judgment for that
of the fact-finder.  Zuniga, 144
S.W.3d at 482.

Appellant argues that because each of the
identifications of him was tainted, the evidence supporting his conviction is
too weak and is outweighed by the contrary evidence.  Because appellant does not raise a separate
issue regarding the admissibility of the identifications, we consider his
attacks on them only as related to the weight of the evidence in our factual
sufficiency review.  See Cate v. State,
124 S.W.3d 922, 928 (Tex. App.CAmarillo 2004,
pet. ref=d); Bledsoe v.
State, 21 S.W.3d 615, 621 (Tex. App.CTyler 2000, no
pet.).








Appellant contends that the videotape
lineup identifications of Lopez and Ayala are not credible because the lineup
procedure was impermissibly suggestive. 
Officer Garcia showed Lopez and Ayala the videotape together after
carefully admonishing them not to make any identification in each other=s presence.  After watching the videotape, the women were
separated, and each positively identified appellant as the robber.  Lopez testified that she began to cry when
she saw appellant on the videotape, and thus, according to appellant, Lopez
effectively identified him in Ayala=s presence,
thereby tainting Ayala=s identification.  However, Officer Garcia testified that Lopez
did not begin to cry until after they were separated.  Appellant also complains that the other
subjects in the lineup were too dissimilar because he was the tallest and
thinnest.  Appellant is six feet two
inches tall and weighs 170 pounds.  The
other four subjects ranged in height between five feet nine inches and six feet
one inch tall and ranged in weight between 160 and 185 pounds.

Appellant also claims that the prosecutor
tainted Cortes=s in-court identification during pretrial
preparation.  Cortes had made a tentative
identification from the videotape but made a positive identification in
court.  During cross-examination,
appellant=s attorney elicited testimony that the
prosecutor told her that it did not matter whether she identified appellant at
trial because two others had already identified him.  Cortes testified that the prosecutor=s comment did not
influence her identification and that she had been able to make a positive
in-court identification after viewing appellant in person and observing his
facial features in more detail, particularly what she characterized as his Abig ears.@  

Appellant contends substantial evidence
supports his innocence.  He testified
that he did not rob Lopez, and he emphasizes that no physical evidence connects
him to the crime in that police did not recover the knife used or find  him in possession of any stolen property.  Appellant also points to alibi evidence,
provided by both him and his mother, showing he was caring for his son and
step-son at the time of the incident. 
However, his son=s mother, another of appellant=s girlfriends,
testified that appellant had the children only during the day. The robbery
occurred around 10:00 p.m.













Viewing the evidence in a neutral light,
the jury was justified in finding appellant guilty.  Appellant matched the description of the
robber given to the police, he was stopped twice by police while driving the
getaway car, and three witnesses positively identified him in court.  It is the jury=s role to assess
and resolve issues undermining the credibility of an identification.  See Cate, 124 S.W.3d at 928B29; Bledsoe,
21 S.W.3d at 621.  The evidence conflicts
on whether Lopez reacted emotionally to the videotape in Ayala=s presence or
after they separated.  That the jury
resolved this conflict in favor of the State does not render the evidence
insufficient.  Cain, 958 S.W.2d at
410.  Further, the differences in the
height and weight of the lineup subjects do not render the lineup impermissibly
suggestive.  See Buxton v. State,
699 S.W.2d 212, 216 (Tex. Crim. App. 1985) (finding that height range of five
feet nine inches to six feet two inches and weight range of 170 to 210 pounds
is not suggestive discrepancy between lineup subjects); see also Bethune v.
State, 821 S.W.2d 222, 229 (Tex. App.CHouston [14th
Dist.] 1991) (ANeither due process of law nor common
sense requires that the features of the subjects in a pretrial lineup be
identical.@), aff=d on other grounds, 828 S.W.2d 14
(Tex. Crim. App. 1992).  Moreover, Ayala
testified that she saw the robber=s face twice when
he crossed in front of her attempting to find an exit, and Lopez saw his face
during the robbery and his escape attempt. 
Thus, the record clearly shows their in-court identifications were
independent of any taint from pretrial identification procedures.  See Bledsoe, 21 S.W.3d at 621; Bethune,
821 S.W.2d at 229.  As to Cortes, she
testified that viewing appellant in person, rather than her pretrial discussion
with the prosecutor, allowed her to make a positive in-court identification,
even though her videotape identification had been tentative.  The jury was free to believe Cortes=s testimony.  See Margraves v. State, 34 S.W.3d 912,
919 (Tex. Crim. App. 2000) (AThe jury may
choose to believe some testimony and disbelieve other testimony.@).  As to the evidence indicating his innocence,
the jury was also free to disbelieve appellant=s self-serving
testimony and his alibi, and the lack of physical evidence is merely a factor
for the jury to weigh in deciding guilt. 
See Bustamante v. State, 106 S.W.3d 738, 741 (Tex. Crim. App.
2003) (noting that jury has discretion to disbelieve self-serving testimony); Johnson
v. State, 176 S.W.3d 74, 77B78 (Tex. App.CHouston [1st
Dist.] 2004, pet. ref=d) (rejecting factual sufficiency
challenge based on alibi, lack of physical evidence, and vague
identification).  Finally, the prosecutor
impeached appellant with multiple prior convictions, further undermining his
credibility.  Viewing the evidence in a
neutral light, we conclude the evidence is not too weak to support the finding
of guilt beyond a reasonable doubt, and the contrary evidence is not
sufficiently strong to conclude that the reasonable doubt standard could not be
met.  We overrule appellant=s sole issue and
affirm the trial court=s judgment.

 

 

 

 

 

/s/      Leslie Brock Yates

Justice

 

 

 

 

Judgment
rendered and Memorandum Opinion filed June 27, 2006.

Panel
consists of Chief Justice Hedges and Justices Yates and Guzman.

Do
Not Publish C Tex.
R. App. P. 47.2(b).











[1]  After they
testified, appellant moved to exclude Cortes=s
in-court identification and Lopez=s and
Ayala=s pretrial identifications as tainted.  These motions were denied, and appellant does
not challenge their denial on appeal.