COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS



| | | |
|---|---|---|
| NORINE ETIENNE, | § | No. 08-12-00266-CR |
| Appellant, | § | Appeal from the |
| v. | § | 120th District Court |
| THE STATE OF TEXAS, | § | of El Paso County, Texas |
| Appellee. | § | (TC#20110D02683) |
| | § | |

## **O P I N I O N**

Appellant, Norine Etienne, was indicted for the offense of injury to an elderly individual. *See* TEX. PENAL CODE ANN. § 22.04 (West 2011). Appellant pleaded not guilty.[1] The jury found Appellant guilty as charged in the indictment and assessed punishment at six years' confinement. Appellant raises three issues for our review. We reform and affirm.

## **BACKGROUND**

Appellant's aunt, Amanda Walker, is married to Paul Andrew Chambers. Chambers' friend, Jack Steen, assisted Chambers and Walker by taking them to appointments and to the store and would visit them at their apartment on Lee Trevino in El Paso, Texas, where he came to know

---

[1] We note that the written judgment reflects that Appellant pleaded guilty to the offense. However, this is contrary to the record. Therefore, we reform the clerical error in the written judgment to reflect that Appellant pleaded not guilty to the charged offense. *See* TEX.R.APP.P. 43.2(b).

Appellant. At the time of the incident, Steen was 65 years old or older.

On January 5, 2011, although Steen was scheduled to take Chambers to a doctor's appointment, he was unable to do so and called a mutual friend, John Rogers, to do so. When Steen went to Chambers' home later that day, he was refused admittance by Appellant,[2] who told Steen "to get out of there" and exhibited a hostile attitude toward him. Walker then came to the door and invited Steen into the home.

During the visit, Appellant was hyper, vocal, and pacing around the room. Appellant told Steen to "shut up," "get out," and stated that it was none of his business and that he did not belong in the home. In response, Steen told Appellant to mind her own business and to leave him alone.

According to Steen, Appellant did not leave him alone and "kept getting in [his] face." Appellant, who was smoking a cigarette at the time, bent over and blew smoke in his face while he was sitting down on the couch. Steen then used his cane to stand up and put the cane between himself and Appellant. Steen told Appellant, "Stay away from me, lady. You're messing with the wrong old man. I don't want to talk to you. Leave me alone." Appellant then said something "extremely vulgar," grabbed Steen's cane and threw it out the front door of the home. At that point, Chambers got up and left the living room.

As Steen attempted to follow Chambers into his bedroom, Appellant attempted to block his path and hit Steen on the temple above his ear and "dropped" him onto the couch. Steen testified that it hurt when Appellant hit him on the head. He then rolled onto the floor, stood up, and when Appellant came at him, Steen grabbed Appellant in a headlock and "started flailing on her[.]" He did not turn Appellant loose until Walker "had [Appellant's] back side out the front door." After Appellant was outside on the front porch, she charged back inside and hit Steen under the chin

_____

[2] Appellant did not reside in the home of Walker and Chambers.

knocking him down onto a loveseat. Steen stated that it hurt when Appellant hit him on the chin.

While Steen was on the couch, Appellant proceeded to hit him about the neck and shoulders. Steen kicked at Appellant and pushed her back toward the front door, and off of him. Steen then rolled off of the couch and onto the floor. According to Steen, Appellant then came back in the door and proceeded to kick him while he was on the floor.

## DISCUSSION

### Ineffective Assistance of Counsel

In Issues One and Two, Appellant contends her trial counsel rendered ineffective assistance of counsel by failing to: (1) raise objections at voir dire; (2) make an opening statement; (3) adequately investigate the facts of the case; (4) prepare a main witness and elicit exculpatory evidence; and (5) call other witnesses at trial. In Issue Three, Appellant argues that "[t]he [w]eakness of the [d]efense [c]ounsel during [t]rial [c]oupled with [a]greement of the [d]efense [c]ounsel with State during [v]oir [d]ire and [t]rial [c]ourt's failure to [m]ention [a]nything about [r]easonable [d]oubt or about the [l]aw governing the [a]ccused during [v]oir [d]ire [t]ilted the [r]easonable [d]oubt [s]tandard against the Appellant[.]"

To prevail on a claim of ineffective assistance of counsel, Appellant must show that: (1) his attorney's performance was deficient; and that (2) his attorney's deficient performance prejudiced his defense. *See Smith v. State*, 286 S.W.3d 333, 340 (Tex.Crim.App. 2009) (citing *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984)). Under the first prong, the attorney's performance must be shown to have fallen below an objective standard of reasonableness. *Thompson v. State*, 9 S.W.3d 808, 812 (Tex.Crim.App. 1999). Namely, Appellant must prove that his attorney's conduct fell below the professional standard. *Mitchell v.*

3

*State*, 68 S.W.3d 640, 642 (Tex.Crim.App. 2002). Under the second prong, Appellant must establish that there is a reasonable probability that but for his attorney's deficient performance, the outcome of his case would have been different. *See Strickland*, 466 U.S. at 694, 104 S.Ct. at 2069; *Thompson*, 9 S.W.3d at 812. "Reasonable probability" is that which is "sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694, 104 S.Ct. at 2068; *Jackson v. State*, 973 S.W.2d 954, 956 (Tex.Crim.App. 1998). If the two-pronged test is not satisfied the ineffective assistance of counsel claim is defeated. *Rylander v. State*, 101 S.W.3d 107, 110-11 (Tex.Crim.App. 2003).

On review, we presume that the attorney's representation fell within the wide range of reasonable and professional assistance. *Mallett v. State*, 65 S.W.3d 59, 63 (Tex.Crim.App. 2001) (citing *Tong v. State*, 25 S.W.3d 707, 712 (Tex.Crim.App. 2000)). Ineffective assistance claims must be firmly founded in the record to overcome this presumption. *Thompson*, 9 S.W.3d at 813. In most cases, this task is very difficult because the record on direct appeal is undeveloped and cannot abundantly reflect the failings of trial counsel. *Id*. at 813-14. When the record is silent and does not provide an explanation for the attorney's conduct, the strong presumption of reasonable assistance is not overcome. *Rylander*, 101 S.W.3d at 110-11. We do not engage in speculation to find ineffective assistance when the record is silent as to an attorney's strategy at trial. *Robinson v. State*, 16 S.W.3d 808, 813 n.7 (Tex.Crim.App. 2000). Accordingly, when the record does not contain evidence of the reasoning behind trial counsel's actions, trial counsel's performance cannot be found to be deficient. *Rylander*, 101 S.W.3d at 110-11; *Jackson v. State*, 877 S.W.2d 768, 771 (Tex.Crim.App. 1994).

*Voir Dire*

4

Appellant contends her trial counsel rendered ineffective assistance during voir dire. In particular, she complains her trial counsel: (1) failed to raise objections at voir dire, (2) asked few questions of the jury, (3) did little to discuss the issues of the case, (4) did little to educate the jurors about trial procedures, (5) did little to introduce the jurors to principles of applicable law, (6) failed to object to comments made by the State, (7) failed to distinguish and educate the jury "on different standards to reasonable doubt," (8) conducted his voir dire in a way that supported the State's case, and (9) started voir dire by asking the jury panel to consider the maximum range of punishment. We note that although Appellant filed a motion for new trial based on ineffective assistance of counsel, there was no hearing held on that motion, and there was no testimony or an affidavit from trial counsel presented to the trial court for consideration. When there is no hearing on a motion for new trial or if trial counsel does not appear at the hearing, an affidavit from trial counsel becomes almost vital to the success of an ineffective assistance of counsel claim. *Stults v. State*, 23 S.W.3d 198, 208-09 (Tex.App. – Houston [14th Dist.] 2000, pet. ref'd). In the absence of evidence of trial counsel's reasons for the alleged ineffective assistance, an appellate court should not find deficient performance unless the challenged conduct was so outrageous that no competent attorney would have engaged in it. *Goodspeed v. State*, 187 S.W.3d 390, 392 (Tex.Crim.App. 2005). When the record is silent and does not provide an explanation for the attorney's conduct, the strong presumption of reasonable assistance is not overcome. *Rylander*, 101 S.W.3d at 110-11.

The record is silent as to Appellant's trial counsel's reasoning or strategy for the allegedly deficient conduct that occurred during voir dire. Based on the record before us, we cannot conclude Appellant's trial counsel's actions and decisions were not reasonably professional

5

and were not motivated by sound trial strategy. *See Jackson*, 877 S.W.2d at 771. Thus, we cannot say that trial counsel's conduct was so outrageous that no competent attorney would have engaged in it. *Goodspeed*, 187 S.W.3d at 392.

*Failure to Make an Opening Statement*

Appellant also contends her trial counsel was ineffective because he failed to make an opening statement that outlined what the evidence would show at trial. Specifically, she complains her trial counsel failed to direct the jury to look at the evidence from the defense's perspective and failed to outline the defensive theory to the jury. Although Appellant asserts that her trial counsel's waiver of opening statement resulted in ineffective assistance of counsel, the record clearly shows that trial counsel did not waive opening statement, but rather trial counsel delivered a brief opening statement in which he asked the jury to uphold the oath it took, asked it to keep an open mind, and asked it to make the State prove each element of the charged offense beyond a reasonable doubt.

The record is silent as to why Appellant's trial counsel chose to give a brief opening argument. Whether to deliver an opening statement is entirely left to the discretion of defense counsel. *See Calderon v. State*, 950 S.W.2d 121, 127 (Tex.App. – El Paso 1997, no pet.) ("The option for defense counsel to deliver an opening statement immediately after the State makes its opening statement is entirely discretionary."). Moreover, such decisions are inherently strategic in nature, and there are several logical reasons to refrain from delivering opening argument or give a brief opening statement. *See id*. at 127-28; *Taylor v. State*, 947 S.W.2d 698, 704 (Tex.App. – Fort Worth 1997, pet. ref'd); *Standerford v. State*, 928 S.W.2d 688, 697 (Tex.App. – Fort Worth 1996, no pet.). Because the record is silent as to the reasons underlying the

6

complained of acts and omissions by Appellant's trial counsel, we refuse to speculate that trial counsel's decision was not reasonable trial strategy. *Robinson*, 16 S.W.3d at 813 n.7.

*Failure to Investigate & Prepare Witness*

Appellant complains her trial counsel was ineffective for not adequately investigating the facts of the case. She maintains her trial counsel "failed to investigate the facts in depth and/or in detail." She further asserts her trial counsel was ineffective because he failed to prepare her main witness, Amanda Walker, for trial and failed to elicit exculpatory evidence from Walker. In support of her argument, Appellant points to Walker's affidavit which was attached to the motion for new trial.

In her affidavit, Walker stated she met with Appellant's trial counsel "on several occasions at the court houses when [Appellant] had court hearings. Although he asked me questions, the meetings were never more than three to five minutes. The conversations were never in depth and or in details that would allow me to fully explain the entire facts." Walker further explained Appellant's trial was her first time to testify at court, she was nervous, and that she "really did not get an opportunity to explain what really happened, because [she] was not properly prepared to testify."

This evidence is insufficient to affirmatively establish ineffective assistance of counsel. Ordinarily, trial counsel should be given an opportunity to explain his actions before being denounced as ineffective. *Rylander*, 101 S.W.3d at 111. The record does not contain any evidence from Appellant's trial counsel as to the breadth of any investigation or witness preparation he actually conducted. To conclude trial counsel's performance was deficient on a record that does not contain any evidence from trial counsel surrounding the extent of his

investigation and witness preparation, would require speculation, which we must refrain from doing while reviewing an ineffective assistance of counsel claim. *See Robinson*, 16 S.W.3d at 813 n.7. In the absence of a record identifying trial counsel's reasoning for pursuing a chosen course, we must presume his actions were part of sound trial strategy. *Garcia v. State*, 57 S.W.3d 436, 440 (Tex.Crim.App. 2001). Without evidence as to trial counsel's reasons for alleged deficient performance, we cannot conclude trial counsel was ineffective. *Rylander*, 101 S.W.3d at 110-11; *Jackson*, 877 S.W.2d at 771. Additionally, we cannot say there was no plausible basis for trial counsel's actions or omissions. Thus, we will not make a determination of ineffectiveness that is based on speculation. *Robinson*, 16 S.W.3d at 813 n.7.

*Failure to Call Additional Witnesses*

Appellant contends her trial counsel rendered ineffective assistance by failing to call other witnesses at trial. She asserts that trial counsel failed to subpoena material witnesses, Ralph De Anda and John Rogers, to testify at trial. According to Appellant, Ralph De Anda could have testified to the facts outlined in Walker's affidavit. She asserts that such testimony "could have affected the jury to return with a not guilty verdict" and could have disputed "the alleged extraneous offenses." According to Appellant, John Rogers "would have testified to a material fact that the family was not accepting visitors and that [Steen] ignored their requests to not enter the home of Amanda Walker."

Generally, the failure to call witnesses does not constitute ineffective assistance of counsel without a showing that the witnesses were available to testify and that their testimony would have benefitted the defendant. *Cate v. State*, 124 S.W.3d 922, 927 (Tex.App. – Amarillo 2004, pet. ref'd) (citing *Butler v. State*, 716 S.W.2d 48, 55 (Tex.Crim.App. 1986)). Here, there

is no evidence in the record that either De Anda or Rogers were available to testify at the trial. *See Cate*, 124 S.W.3d at 927 (defendant must show witness was available to testify in order to establish ineffective assistance of counsel based on failure to call witness). Accordingly, Appellant's ineffective assistance claim regarding trial counsel's failure to call these witnesses must fail. *See Ex parte White*, 160 S.W.3d 46, 52 (Tex.Crim.App. 2004); *Butler*, 716 S.W.2d at 55; *Johnston v. State*, 959 S.W.2d 230, 236 (Tex.App. – Dallas 1997, no pet.).

Issues One and Two are overruled.

*Reasonable Doubt*

In Issue Three, it appears Appellant is asserting that the reasonable doubt standard was tilted against her and that she was deprived of a fair trial due to the combined effect of her trial counsel's weak performance, her trial counsel's agreement with the State during voir dire, and the trial court's "failure to [m]ention [a]nything about [r]easonable [d]oubt or about the [l]aw governing the [a]ccused during [v]oir [d]ire[.]" In light of her trial counsel's alleged ineffective assistance, Appellant argues "the better course for the trial court was to define reasonable doubt and the law governing the accused during voir dire[.]" Appellant further maintains the trial court erred by excusing the jury panel in contravention of Article 35.17 of the Texas Code of Criminal Procedure. *See* TEX. CODE CRIM. PROC. ANN. art. 35.17 (West 2006).

However, as correctly pointed out by the State, Appellant has inadequately briefed portions of her argument. An appellant's brief must contain a clear and concise argument containing appropriate citations to authority and to the record. *See* TEX.R.APP.P. 38.1(i). Appellant has failed to identify or discuss what "law governing the accused" the trial court should have instructed the jury on. Appellant has also failed to provide us with any argument

or authority in support of her claim that the venire was excused in violation of Article 35.17 of the Texas Code of Criminal Procedure. Thus, because Appellant has inadequately briefed these portions of her argument, they are waived. *See McCarthy v. State*, 65 S.W.3d 47, 49 n.2 (Tex.Crim.App. 2001) (an inadequately briefed issue may be waived on appeal); *see also* TEX.R.APP.P. 38.1(i).

The State further contends the trial court did not err in failing to give the jury a definition of reasonable doubt because the trial court was not required to provide such a definition. We agree with the State. It is well established that Texas courts are not required to give the jury a definition of reasonable doubt. *See Anderson v. State*, 414 S.W.3d 251, 256 (Tex.App. – Houston [1st Dist.] 2013, pet. ref'd).

To the extent that the nature of Appellant's third issue is that she was deprived of a fair trial due to the cumulative effect of her trial counsel's ineffective assistance along with the trial court's alleged error, we conclude that her complaint in this regard must also fail. Cumulative error concerns performance of a harm analysis once multiple errors have been established. *See Chamberlain v. State*, 998 S.W.2d 230, 238 (Tex.Crim.App. 1999), *cert. denied*, 528 U.S. 1082, 120 S.Ct. 805, 145 L.Ed.2d 678 (2000). Having already determined Appellant failed to establish that her trial counsel rendered ineffective assistance and that the trial court did not err by failing to provide the jury with a definition of reasonable doubt, there can be no cumulative error or harm. *See id.* (non-errors in their cumulative effect cannot cause error); *see also Wyatt v. State*, 23 S.W.3d 18, 30 (Tex.Crim.App. 2000) (Texas Court of Criminal Appeals rejecting appellant's argument that cumulative effect of errors at trial denied him the right to a fair trial where the Court had previously rejected each of appellant's individual arguments).

10

Issue Three is overruled.

## CONCLUSION

The trial court's judgment is affirmed as reformed.


ANN CRAWFORD McCLURE, Chief Justice

September 10, 2014

Before McClure, C.J., Rivera, and Rodriguez, JJ.
Rivera, J., not participating

(Do Not Publish)

11