# NO. 12-17-00389-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *LAMISHA MARSHALL WILSON,* *APPELLANT* | § | *APPEAL FROM THE* |
| *V.* | § | *COUNTY COURT AT LAW NO. 2* |
| *THE STATE OF TEXAS,* *APPELLEE* | § | *SMITH COUNTY, TEXAS* |

## *MEMORANDUM OPINION*

Lamisha Marshall Wilson appeals her conviction for theft. In two issues, Appellant contends the trial court erred in admitting accomplice witness testimony and should have given the jury an accomplice witness instruction. We affirm.

## BACKGROUND

On August 24, 2016, Appellant and Jernisha Amie returned several items without a receipt to the J.C. Penney's store in Tyler. Amie presented her identification to the cashier for the return. Once the return was completed, the cashier presented Amie with a store voucher for $276.04. After the ladies received the store voucher, they went throughout the store and selected items to purchase. They returned to the same cashier to make their purchase. Two pairs of shoes the ladies selected were excluded from their purchase because they exceeded the amount of the voucher. Amie and Appellant then returned to the store's shoe department.

John Hentze, the store's loss prevention officer, was notified by both his computer system and the cashier when Appellant and Amie made their large return. Hentze began watching the ladies on the store's video surveillance system. He observed the ladies return to the shoe department and saw Appellant place two pairs of sandals and another pair of shoes into her bag. Hentze left his office to observe Appellant in person. The ladies used the remainder of the voucher

to purchase lingerie and proceeded to leave the store without paying for the shoes in Appellant's bag. Hentze attempted to stop Appellant from leaving, but she fled the scene. Hentze managed to grab Appellant's bag, which contained the shoes, before Appellant fled. When Hentze spoke with Amie, she gave him the wrong name instead of identifying Appellant. Hentze allowed Amie to leave because she had not, per the company's rules, stolen anything. Hentze subsequently reviewed photographs in a J.C. Penney's database for customers who previously made large returns. In reviewing the photographs, Hentze identified Appellant as the person who attempted to steal the shoes and fled the scene. He contacted the Tyler Police Department, which conducted an investigation.

Appellant was later arrested and charged by information with theft of property valued more than $100 but less than $750. Appellant pleaded "not guilty" and the matter proceeded to a jury trial. The jury found Appellant "guilty" and sentenced her to 180 days confinement and a $2,000 fine. This appeal followed.

## CORROBORATION OF ACCOMPLICE WITNESS TESTIMONY

In her first issue, Appellant argues that the evidence is insufficient to support her conviction because the accomplice witness testimony was not sufficiently corroborated.

### Standard of Review and Applicable Law

In reviewing the sufficiency of the evidence, the appellate court must determine whether, considering all the evidence in the light most favorable to the verdict, the trier of fact was rationally justified in finding guilt beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789, 61 L. Ed. 2d 560 (1979); *Brooks v. State*, 323 S.W.3d 893, 899 (Tex. Crim. App. 2010). Considering the evidence "in the light most favorable to the verdict" under this standard requires the reviewing court to defer to the trier of fact's credibility and weight determinations, because the trier of fact is the sole judge of the witnesses' credibility and the weight to be given their testimony. *Brooks*, 323 S.W.3d at 899; *see Jackson*, 443 U.S. at 319, 99 S. Ct. at 2789. A "court faced with a record of historical facts that supports conflicting inferences must presume—even if it does not affirmatively appear in the record—that the trier of fact resolved any such conflicts in favor of the prosecution, and must defer to that resolution." *Jackson*, 443 U.S. at 326, 99 S. Ct. at 2793. Circumstantial evidence is as probative as direct evidence in

2

establishing the guilt of an actor and can alone be sufficient to establish guilt. *Hooper v. State*, 214 S.W.3d 9, 13 (Tex. Crim. App. 2007).

Article 38.14 of the Texas Code of Criminal Procedure provides that a conviction cannot be had upon the testimony of an accomplice unless it is corroborated with other evidence tending to connect the defendant with the offense. TEX. CODE CRIM. PROC. ANN. art. 38.14 (West 2005). When evaluating the sufficiency of corroborative evidence, we "'eliminate the accomplice testimony from consideration and then examine the remaining portions of the record to see if there is any evidence that tends to connect the accused with the commission of the crime.'" *Malone v. State*, 253 S.W.3d 253, 257 (Tex. Crim. App. 2008) (quoting *Solomon v. State*, 49 S.W.3d. 356, 361 (Tex. Crim. App. 2001)). The testimony that is eliminated from consideration is that testimony given by live witnesses speaking under oath in court. *Torres v. State*, 137 S.W.3d 191, 196 (Tex. App.—Houston [1st Dist.] 2004, no pet.). In other words, only an accomplice's in-court testimony need be corroborated. *Bingham v. State*, 913 S.W.2d 208, 211–13 (Tex. Crim. App. 1995). Moreover, an accomplice's testimony cannot be corroborated by prior statements made by the accomplice witness to a third person. *Smith v. State*, 332 S.W.3d 425, 439 (Tex. Crim. App. 2011). A witness is an accomplice as a matter of law if she has been or could have been indicted for the same offense. *Cocke v. State*, 201 S.W.3d 744, 747-48 (Tex. Crim. App. 2008).

**Analysis**

Appellant contends that Amie's statement to Hentze constitutes accomplice witness testimony and was uncorroborated. She further argues that Hentze would not have been able to identify Appellant without Amie's cooperation and that no other evidence connects Appellant to the offense.

Amie did not testify at trial. While she was called to testify, she invoked her Fifth Amendment right against self-incrimination. The only evidence of Amie's alleged out-of-court statement to Hentze is from Hentze himself. An accomplice witness's out-of-court statement need not be corroborated. *See Bingham*, 913 S.W.2d at 213. Because Amie did not testify at trial that Appellant committed the theft or that she and Appellant participated in the theft together, the accomplice witness rule does not apply. *See id*.

However, even if the accomplice witness rule applied, sufficient evidence was presented to corroborate any such accomplice testimony. Hentze testified that he saw Appellant place three pairs of shoes in her bag while watching her through the surveillance system. At that point, Hentze

left his office to observe Appellant in person. According to Hentze, after Amie and Appellant purchased some lingerie, they attempted to leave without paying for the shoes. When Hentze attempted to stop Appellant, she fled the scene. He spoke with Amie, who gave him an incorrect name for Appellant. Hentze testified that J.C. Penney's keeps an internal record of customers who have made large returns in the past. While reviewing those records, he recognized Appellant as the person who tried to leave with the shoes and without paying. He then turned that information over to the Tyler Police Department. Later, Hentze identified Appellant in a photographic lineup and stated that his identification was "positive to 100 percent." Furthermore, Hentze identified Appellant as the perpetrator at trial. This evidence would have been sufficient to corroborate a testifying accomplice witness under Article 38.14. *See Wirth v. State*, 361 S.W.3d 694, 697 (Tex. Crim. App. 2012) (when reviewing the sufficiency of the evidence, we consider events occurring before, during and after the offense and may rely on the defendant's actions which show an understanding and common design to do the prohibited act); *see also Goodman v. State*, 66 S.W.3d 283, 286 (Tex. Crim. App. 2001) ("Direct evidence of 'X' fact is always legally sufficient to support a finding of 'X' fact."); *Cate v. State*, 124 S.W.3d 922, 928 (Tex. App.—Amarillo 2004, pet. ref'd) (positive identification of defendant as perpetrator by non-accomplice sufficient to support conviction). Accordingly, for the above reasons, we overrule Appellant's first issue.

## ACCOMPLICE WITNESS INSTRUCTION

In her second issue, Appellant urges the trial court erred by refusing to instruct the jury that Amie was an accomplice as a matter of law and that her testimony must be corroborated by other evidence.

### Standard of Review

The review of an alleged jury-charge error in a criminal trial is a two-step process. *See Abdnor v. State*, 871 S.W.2d 726, 731 (Tex. Crim. App. 1994). First, an appellate court must determine whether there was error in the jury charge. *Id.* Second, if there is charge error, the court must determine whether there is sufficient harm to require reversal. *Id.* at 731–32. The standard for determining harm depends on whether the appellant objected. *Id.* at 732. If the appellant objected to the error at trial, the appellate court must reverse the trial court's judgment if the error "is calculated to injure the rights of the defendant." TEX. CODE CRIM. PROC. ANN. art. 36.19 (West 2006). This standard requires proof of no more than some harm to the accused from the error.

4

*Almanza v. State*, 686 S.W.2d 157, 171 (Tex. Crim. App. 1984). An appellant who did not raise the error at trial can prevail only if the error is so egregious and created such harm that he has not had a fair and impartial trial. *Id.* "In both situations the actual degree of harm must be assayed in light of the entire jury charge, the state of the evidence, including the contested issues and weight of probative evidence, the argument of counsel and any other relevant information revealed by the record of the trial as a whole." *Id.* In assessing whether the trial court erred by denying a requested defensive instruction, an appellate court must examine the evidence offered in support of the defensive issue in the light most favorable to the defense. *Id.*

## Analysis

Appellant argues that she was entitled to an accomplice witness instruction in the jury charge because Amie was an accomplice to the theft and, according to Appellant, she identified Appellant as the perpetrator to Hentze before being permitted to leave the scene of the offense. However, as explained above, Hentze testified that Amie did not provide him with Appellant's correct name. Rather, he discovered Appellant's identity after reviewing J.C. Penney's records of customers who previously made large returns. In addition, Amie did not testify at trial. An accomplice witness instruction is not required when, as in this case, statements of a non-testifying accomplice are introduced into evidence. *Sexton v. State*, 51 S.W.3d 604, 614 (Tex. App.—Tyler 2000, pet. ref'd). Because Amie did not testify at trial, the trial court was not required to provide the jury with an accomplice witness instruction. We overrule Appellant's second issue.

### DISPOSITION

Having overruled Appellant's first and second issues, we *affirm* the trial court's judgment.

**BRIAN HOYLE**
Justice

Opinion delivered October 10, 2018.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(DO NOT PUBLISH)

5



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

## OCTOBER 10, 2018

## NO. 12-17-00389-CR

**LAMISHA MARSHALL WILSON,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

Appeal from the County Court at Law No. 2
of Smith County, Texas (Tr.Ct.No. 002-80397-17)

THIS CAUSE came to be heard on the appellate record and briefs filed herein, and the same being considered, it is the opinion of this court that there was no error in the judgment.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below **be in all things affirmed**, and that this decision be certified to the court below for observance.

Brian Hoyle, Justice.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*